**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGELES MONTES OLEA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 21-99

Agency No.
A215-819-437

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.
Concurrence by Judge VanDyke.

Angeles Montes Olea (Montes Olea), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing her appeal of a decision from the Immigration Judge (IJ) denying her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252,

and we deny the petition.

The BIA assumed Montes Olea's credibility.[1] Nevertheless, the BIA agreed

with the IJ that Montes Olea was not eligible for asylum and withholding of

removal "because she did not establish that any past and future feared persecution

was or will be on account of a protected ground." The BIA also agreed that

Montes Olea's proposed particular social groups (PSGs) were not cognizable, and

that she "did not meet her burden of establishing that the Mexican government is

unable or unwilling to protect her." For the same reason (lack of government

acquiescence), the BIA determined that Montes Olea did not demonstrate

eligibility for protection under the CAT.

1.      "Whether a particular social group is cognizable is a question of law

that we review de novo, although the issue of social distinction—whether there is

evidence that a specific society recognizes a social group—is a question of fact that

we review for substantial evidence. . . ." *Aleman-Belloso v. Bondi*, 128 F.4th 1031,

---

[1]     Montes Olea argues that the BIA erred by stating that the IJ found Montes Olea to not be a credible witness. However, any error would be harmless given that the BIA assumed Montes Olea was credible. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) ("And, crucially, although the IJ made a questionable adverse credibility finding against Arrey, any prejudice from that was cured by the [BIA's] subsequent decision assuming the credibility of her testimony in full.").

1042-43 (9th Cir. 2024), *as amended* (citations and internal quotation marks omitted).

Montes Olea challenges the agency's decision for only one of her proposed PSGs: "Mexican women viewed as property." Substantial evidence supports the agency's conclusion that Montes Olea failed to demonstrate that the PSG of "Mexican women viewed as property" is perceived as socially distinct. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181-82 (9th Cir. 2021). Much like the petitioner in *Villegas Sanchez*, Montes Olea's principal argument is that "her proposed groups are socially distinct because violence against women, including domestic violence, is a widespread problem in [Mexican] society." *Id.* at 1181. However, as was the case in *Villegas Sanchez*, the documentary evidence cited by Montes Olea "does not address how [Mexican] society perceives ['Mexican women viewed as property'] distinctly." *Id.*

**2.** Montes Olea asserts that "neither the BIA nor the IJ considered evidence in the record establishing [the] Mexican government's failure to protect women from persecution." But Montes Olea fails to reference any specific evidence that the agency overlooked. In any event, substantial evidence supports the agency's conclusion that the Mexican government was not unable or unwilling to protect her given that, after the filing of a police report, the police arrested Montes Olea's abusive partner and brought him before a judge. The judge

provided Montes Olea an opportunity to speak without the officers or her partner present, and offered her a police escort to her home and then to the United States-Mexico border. *See Diaz v. Bondi*, 129 F.4th 546, 556 (9th Cir. 2025), *as amended* (recognizing that the relevant inquiry for whether a government is unable or unwilling to control a private persecutor is "whether the government both *could* and *would* provide protection") (citations and internal quotation marks omitted) (emphasis in the original).

3.    Because Montes Olea failed to meet the lower standard for asylum eligibility, she is also unable to satisfy the heavier burden of demonstrating eligibility for withholding of removal. *See Villegas Sanchez*, 990 F.3d at 1183 ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation. Because Villegas Sanchez is ineligible for asylum, as her proposed particular social groups are not socially distinct, she is ineligible for withholding of removal.") (citations and internal quotation marks omitted).

4.    Substantial evidence supports the denial of Montes Olea's application for protection under the CAT. "Nothing in the record would compel a reasonable adjudicator to conclude that the Mexican government would acquiesce in [Montes Olea's] torture," *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022), in view of the police and judicial response to the police report. *See Andrade-Garcia v. Lynch*,

828 F.3d 829, 836-37 (9th Cir. 2016), *as amended*.

**PETITION DENIED.**[2]

---

[2]    The unopposed stay of removal will remain in place until the mandate issues.  The motion for stay of removal (Dkt. # 3) is otherwise denied.

FILED

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Montes Olea v. Blanche*, No. 21-99
VANDYKE, Circuit Judge, concurring:

For the reasons stated in *Rojas-Espinoza v. Bondi*, 167 F.4th 1069, 1073–74,
1077–78 (9th Cir. 2026) (VanDyke, J., dissenting from the grant of rehearing en
banc)—and because Petitioner showed no likelihood of success on the merits—I
would not leave the temporary stay of removal in place.